IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:16-CV-100-FL

| | | |
|---|---|---|
| TINA CAHOON JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings. (DE 16, 21). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert T. Numbers, II, entered memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm defendant's decision. Plaintiff timely filed objections to the M&R, and the issues raised are ripe for ruling. For the reasons that follow, the court adopts the M&R as its own, grants defendant's motion, denies plaintiff's motion, and affirms defendant's final decision.

**BACKGROUND**

On September 20, 2013, plaintiff filed applications for disabled widow's benefits and supplemental security income, alleging disability beginning September 7, 2013. The applications were denied both initially and upon reconsideration. Plaintiff filed a request for hearing before an administrative law judge ("ALJ"), who, after a January 7, 2016, video hearing, denied plaintiff's claims by decision dated January 20, 2016. Following the ALJ's denial of her applications, plaintiff timely filed a request for review with the Appeals Council, which denied the request, leaving the

ALJ's decision as defendant's final decision. Plaintiff then commenced this action on June 9, 2016, seeking review of defendant's decision.

**COURT'S DISCUSSION**

A.      Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

To assist it in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

3

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since September 7, 2013. At step two, the ALJ found that plaintiff had the following severe impairments: cervical degenerative disc disease and spondylosis; obesity; bipolar disorder; and attention deficit hyperactivity disorder (ADHD). However, at step three, the ALJ further determined that these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listings in the regulations.

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform light work, with the following limitations:

> [Plaintiff] can push/pull as much as she can lift and/or carry. She can frequently perform tasks requiring fingering and handling. She can occasionally balance on narrow, slippery, or moving surfaces, climb ladders and stairs, stoop, crouch, kneel, and crawl. She has a decreased ability to concentrate on and attend to work tasks to the extent that she can only do simple, routine, repetitive tasks (i.e., can apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form and deal with problems involving several concrete variables in or from standardized situations). She is able to concentrate for two-hour increments with normal rest breaks (i.e., 15, 30, 15 minutes). The claimant can occasionally deal with the public. She is unable to work at jobs requiring complex decision making, constant change, or dealing with crisis situations.

(Tr. 24). In making this assessment, the ALJ found plaintiff's statements about her limitations not fully credible. At step four, the ALJ concluded plaintiff has no past relevant work. At step five, the ALJ determined that there are jobs that exist in significant numbers in the national economy that plaintiff can perfomr. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

4

B.  Analysis

In her objections, plaintiff argues that the ALJ erred in failing to accord appropriate weight to opinion evidence in the record, and in failing to formulate properly her RFC with due consideration of her testimony and limited daily activities. The magistrate judge cogently addressed each of the arguments raised by plaintiff, discussing applicable law and evidence in the record. Plaintiff does not "direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano, 687 F.2d at 47 (emphasis added). Therefore, de novo review is not required. Id. Nevertheless, upon de novo review of plaintiff's arguments set forth in her objections, the court adopts as its own the full analysis in the M&R.[1] The court writes separately to augment the analysis in the M&R as to the issues noted below.

1.  Opinion evidence

Plaintiff argues that the ALJ erred in giving less weight to opinions of consultative examiners because they "only had the opportunity to examine the claimant on one occasion," (Tr. 28), whereas the ALJ gave great weight to agency medical consultants who never examined her. The reasons given by the ALJ for weighing the medical opinions, however, were valid, multi-faceted, and supported by the record.

First, although non-examining consultant opinions generally are given less weight than examining physician opinions, see 20 C.F.R. § 404.1527(c)(1), the lack of an ongoing treatment relationship is also a critical factor for the ALJ to consider in weighing consultative examiner opinions along with other evidence in the record. See id. § 404.1527(c)(2). Here, for consultative

---

[1] The magistrate judge addressed additional arguments raised by plaintiff concerning the ALJ's analysis of Listings 12.04 and 12.06, which arguments plaintiff does not repeat in her objections. Upon careful review of the M&R and the record generally, the court finds no clear error in the magistrate judge's treatment of this issue.

examiner Dr. LaCroix, the lack of an ongoing treatment relationship was compounded by the fact, as noted by the ALJ, that he did not have benefit of <u>any</u> medical records or testing for review and relied upon plaintiff's statements and one-time examination findings. (Tr. 28, 426).

By contrast, the non-examining consultants had benefit of a complete review of plaintiff's medical records, and the opinion they formulated was more consistent with those underlying medical records. (E.g., Tr. 104-120). This factor was noted specifically by the ALJ in his decision, both as a reason for giving less weight to Dr. Lacroix and more weight to non-examining consultants. (Tr. 28 (noting Dr. Lacrox's "overstatement of the claimant's limitations when compared with his physical exam findings"), Tr. 29 (noting consultant's assessments "are generally consistent with the claimant's physical exam results and treatment recommendations")). Where the non-examining consultants' opinions were more consistent with the underlying medical records, the ALJ properly gave more weight to the non-examining consultants' opinions than Dr. Lacroix.

As for Dr. Bing, whose opinion the ALJ gave "moderate" weight, it was likewise appropriate for the ALJ to note "he only evaluated the claimant on one occasion," where this fact considered along with the fact that "it was unclear whether the claimant had been compliant with her medication at the time of the evaluation," two considerations relevant to assessment of functional impact of plaintiff's bipolar disorder. (Tr. 28-29; <u>see</u> Tr. 27 (noting "the claimant has a long-term history of [bipolar disorder] . . . with varying of symptoms and compliance with treatment")). The ALJ also noted that Dr. Bing's opinion "appeared based more on the claimant's reports tha[n] his own clinical findings, particularly his concerns about the claimant's social functioning and his measurement of the claimant's GAF score[s]." (Tr. 28-29). Thus, the ALJ properly considered multiple factors in weighing the opinion of Dr. Bing, and tempered his consideration of Dr. Bing's opinion against the

6

complete medical record, including additional clinical records and assessments of consulting physicians who reviewed plaintiff's entire record. (See Tr. 27, 29).

2. RFC

Plaintiff argues that the ALJ did not properly take into account the limitations in plaintiff's activities of daily living when formulating plaintiff's RFC, by "erroneously equat[ing] [plaintiff's] ability to engage in some activities on her own schedule with an ability to work full-time." (Obj. at 8). This argument mis-represents the ALJ's analysis, however. In formulating plaintiff's RFC, the ALJ considered plaintiff's testimony as well as medical evidence of record, with a thorough discussion of both. (Tr. 24-29). Activities of daily living are not discussed as a defining feature of plaintiff's RFC, but rather are noted in conjunction with other medical evidence of record as pertinent to evaluating plaintiff's credibility. (See id.).

For example, the ALJ noted plaintiff's testimony that she "is limited to lifting 10 pounds and sitting for 15 to 25 minutes," that "one or two days a week she stays in bed . . . with 10 bad days a month," and that she "stated that she has not worked for the past two and half years, with the exception of when she tried to work at Jack's Tavern for two days but could not perform the work of cleaning the kitchen because her feet swelled." (Tr. 25). The ALJ also noted a third party statement of a friend that plaintiff "did very little during the day due to pain," and "had difficulty cooking, driving, and sweeping due to hand pain and numbness." (Tr. 29).

In evaluating plaintiff's activities, the ALJ noted, by contrast, the following:

> The claimant testified at the hearing that she last worked as a personal care aide. She indicated that this work stopped because her client died, not because she became unable to work. The claimant further stated that she has been a house sitter for the past two years, which has included caring for the owner's cats, doing her laundry, and cleaning her home. She noted that when the home owner is at the house, she sometimes helps her get dressed. . . . At her psychological consultative evaluation

she volunteered that she cleaned for free at her church, ran errands for the woman
she lived with, and occasionally took the woman places.

(Tr. 28). In noting these activities, in conjunction with the medical record, the ALJ concluded "[o]verall, the evidence of record does not fully support the degree of limitation alleged." (Id.). As such, the ALJ did not use activities of daily living to define plaintiff's RFC, but properly noted them in evaluating plaintiff's credibility in conjunction with the medical evidence in the record. See 20 C.F.R. § 416.929(c)(4); S.S.R. 96-7p, 1996 WL 374186, at *2.

Accordingly, plaintiff's argument that the ALJ erred in considering plaintiff's activities of daily living is without merit.

## CONCLUSION

Based on the foregoing, upon careful review of the M&R and the record in this case, the court ADOPTS the recommendation in the M&R. Plaintiff's motion for judgment on the pleadings (DE 16) is DENIED, and defendant's motion for judgment on the pleadings (DE 21) is GRANTED. The clerk of court is DIRECTED to close this case.

SO ORDERED this 13th day of September, 2017.

LOUISE W. FLANAGAN
United States District Judge